IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SANDY CHIONG,<br><br>　　　Plaintiff,<br><br>v.<br><br>HENRY McMASTER, in his official capacity as Governor of South Carolina,<br><br>　　　Defendant. | **CA:** 3:24-cv-7213-SAL<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.　　In America, government positions are supposed to be open to all citizens—not restricted to members of favored groups. This principle applies to all levels of government: federal, state, and local, as well as state-created boards and commissions. South Carolina's Commission for Minority Affairs plays an important role in serving South Carolina's diverse population. But instead of being open to all Americans, membership on the Commission is restricted by race.

2.　　Plaintiff Sandy Chiong lives in Garden City Beach. She is the child of Cuban immigrants, and is of Chinese, Cuban, and Spanish descent. Ms. Chiong is eligible to be appointed to the Commission for Minority Affairs, but a racial quota prevents Ms. Chiong from being considered for a position on an equal basis with other candidates.

3.　　The ability to serve on the Commission for Minority Affairs should be based on qualifications, not race. And the Fourteenth Amendment requires the government to treat all of its citizens as individuals—not as members of a racial group. Ms. Chiong brings this action to vindicate her constitutional rights and to end the racial discrimination mandated by South Carolina law.

1

**JURISDICTION AND VENUE**

4. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)–(2). The Defendant resides within this district and a substantial part of the events giving rise to these claims have occurred or will occur in the District of South Carolina and the Columbia Division.

**PARTIES**

6. Plaintiff Sandy Chiong is a resident of South Carolina and lives in Garden City Beach. Garden City Beach is in the state's 7th Congressional district. Her parents left Communist Cuba so that they could raise their daughter in freedom in the United States. Ms. Chiong is of Chinese, Cuban, and Spanish descent. She is ready, willing, and able to serve as a member of the South Carolina Commission for Minority Affairs and would be eligible to serve on the Commission were her race not a factor.

7. Defendant Henry McMaster is the Governor of the State of South Carolina. Under S.C. Code Ann. § 1-31-10, the Governor is responsible for appointing the members of the Commission for Minority Affairs and enforcing the provision that "[a] majority of the members of the [C]omission must be African American." Governor McMaster is sued in his official capacity.

## FACTUAL ALLEGATIONS

**The South Carolina Commission for Minority Affairs**

8. The Commission for Minority Affairs was created in 1993 to, among other things, "study the causes and effects of the socio-economic deprivation of minorities in the State and to implement programs necessary to address inequities confronting minorities in the State." S.C. Code Ann. § 1-31-10.

9. The Commission is comprised of nine members and the Governor ex Officio. The Governor is required to appoint one person from each of South Carolina's seven congressional districts, as well as two at-large persons, upon the advice and consent of the South Carolina Senate. S.C. Code Ann. § 1-31-10.

**The Commission's Race Quota**

10. From the time of its enactment in 1993, Section 1-31-10 has required the Governor to ensure that "[a] majority of the members of the commission [are] African American."

11. This means that at least five of the nine Commission slots are prohibited from going to Americans of any other racial background—whether white, Asian, Pacific Islander, Native American, multiracial, or other. The statute offers no justification whatsoever for this categorical race-based restriction.

12. No other qualifications for Commission members are listed in the statute.

**Vacancies on the Commission**

13. The Commission currently has three vacancies for the nine appointed seats. Seats for the 3rd and 4th congressional districts, as well as one at-large member, are vacant.

3

14.     There is conflicting information regarding the seat for the Governor ex Officio. The Secretary of State's database for state boards and commissions shows the seat held by Catawba Nation Chief William "Bill" Harris, but the Commission's website lists the seat as vacant.

15.     In addition, two members' terms expired. The member whose term expired in 2020 represents the 6th Congressional district. The member whose term expired in 2023 represents the 7th congressional district.

16.     As a result of these vacancies and holdovers, the Commission currently has only four members serving active terms.

17.     Of the four members with active terms, three are African American.

18.     Consequently, at least two of the appointments to the Commission's five currently open positions (three vacant and two expired) *must* go to African American candidates to comply with Section 1-31-10.

19.     The Commission is scheduled to have three additional vacancies beginning July 1, 2025. One of these additional vacancies is for an at-large seat.

20.     Openings can also occur unpredictably in the event of a resignation, removal, or death of a Commission member.

21.     The Governor makes appointments to the Board at unpredictable times.

22.     Ms. Chiong is ready, willing, and able to be appointed to the Commission for the current or future opening for an at-large seat, or for the current opening for the seat for the 7th congressional district, but she is disadvantaged for appointment on account of her race.

23.     So long as the race-based mandate of Section 1-31-10 remains in place, Ms. Chiong will never receive equal consideration for openings on the Commission.

**CLAIMS FOR RELIEF**
**First Cause of Action**
**S.C. Code Ann. § 1-31-10 Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

24. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25. An actual and substantial controversy exists between Plaintiff and Defendant. Plaintiff has the right to seek appointment to the Commission for Minority Affairs free from consideration of her race.

26. The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

27. S.C. Code Ann. § 1-31-10 requires the Governor to consider and make decisions on the basis of the race of potential Commission members when making appointments to the Commission.

28. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

29. Section 1-31-10's racial mandate does not serve a compelling government interest.

30. The racial mandate in Section 1-31-10 does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

31. Even if the racial mandate in Section 1-31-10 served a compelling government interest, it is not narrowly tailored to remediating specific, identified instances of past discrimination.

32. The racial mandate in Section 1-31-10 uses race as a negative.

33. The racial mandate in Section 1-31-10 stereotypes individuals on the basis of race, mandates racial discrimination, and has no end date.

34. Plaintiff has no adequate remedy at law to compensate for the loss of her equal protection rights and will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of Section 1-31-10.

35. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Section 1-31-10.

## Second Cause of Action
### S.C. Code Ann. § 1-31-10 Violates the Citizenship Clause of the Fourteenth Amendment to the United States Constitution

36. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

37. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1.

38. The Citizenship Clause guarantees all the rights of citizenship to every citizen of the United States, including all the rights of citizenship of the state wherein he or she resides.

39. The right to serve on state boards and commissions is a right of citizenship.

40. S.C. Code Ann. § 1-31-10 requires the Governor to deny to some South Carolina citizens a right of citizenship while extending that right to others.

41. The denial of a right of citizenship to a citizen of the United States violates the Citizenship Clause of the Fourteenth Amendment and is subject to heightened judicial scrutiny.

42. Plaintiff has no adequate remedy at law to compensate for the loss of her equal citizenship rights and will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of Section 1-31-10.

43. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of Section 1-31-10.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial mandate in S.C. Code Ann. § 1-31-10 violates the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution.

2. A permanent prohibitory injunction forbidding Defendant and Defendant's officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendant from enforcing, or attempting to enforce, the racial mandate in S.C. Code Ann. § 1-31-10.

3. An award of attorney's fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988.

4. An award of nominal damages in the amount of $1.00.

5. Such other relief as the Court deems just, necessary, or proper.

DATED: December 11, 2024.　　　　Respectfully Submitted,

                              s/ *Jeffrey P. Dunlaevy*
JEFFREY P. DUNLAEVY
D.S.C. Bar No. 7575
DUNLAEVY LAW FIRM
37 Villa Road, Suite 440
Greenville, SC 29465
Telephone: (843) 208-9305
Email: jeff@dunlaevylaw.com

PACIFIC LEGAL FOUNDATION
CALEB R. TROTTER
Cal. Bar No. 305195 *
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Email: CTrotter@pacificlegal.org

CHRISTOPHER D. BARNEWOLT
D.C. Bar No. 90020413 *
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Email: CBarnewolt@pacificlegal.org

*Attorneys for Plaintiff*
*\* Pro Hac Vice Applications forthcoming*